UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PHILIP DeBLASIO,

                              Plaintiff,

    v.                                                  9:09-CV-1077
                                                            (TJM)(GHL)

DAVID ROCK; KAREN BELLAMY; PETER DePALO;
SCOTT HAMEL; KEVIN HOLDEN; DELIA HOWLEY;
RICHARD JUCKETT, *et al.*,

                              Defendants.

APPEARANCES:

PHILIP DeBLASIO
03-A-0036
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821
Plaintiff, *pro se*

THOMAS J. McAVOY
Senior U.S. District Judge

## DECISION and ORDER

### I. Background

The Clerk has sent to the Court a civil rights Complaint, and an application to proceed *in forma pauperis*, submitted for filing by plaintiff Philip DeBlasio. Dkt. Nos. 1, 2.

### II. Initial screening

Because plaintiff sets forth sufficient economic need, the Court finds that plaintiff may properly commence this action *in forma pauperis*. Dkt. No. 2. Having found that plaintiff meets the financial criteria for commencing this case *in forma pauperis*, the Court must now consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *Id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints).

In his Complaint, plaintiff alleges claims against twenty-six defendants detailing various constitutional violations including, among other things, deliberate indifference to his serious medical needs in violation of the Eighth Amendment, violation of his First Amendment right to freely practice his religion, and excessive force and cruel and unusual punishment in violation of the Eighth Amendment. For a more complete statement of plaintiff's claims, refer to the Complaint.

It is well-settled that in order to be held liable for damages in a section 1983 action a defendant must have been personally involved in the alleged violation. *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir.1977), *cert. denied,* 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978). Plaintiff's Complaint fails to allege any act or omission by defendants Donald Sawyer, Bonnie Santini-Correa, or Patricia

Pink, or any involvement by these defendants in the violation of plaintiff's rights. In fact, these defendants are only included in the caption and the listing of defendants. Plaintiff **fails to allege in the body of the Complaint any act or omission by any of these defendants**. Where a person is listed as a defendant, but the body of the complaint fails to indicate what the defendant did to the plaintiff, dismissal is appropriate. *Gonzalez v. City of N.Y.*, No. 97 CIV. 2246, 1998 WL 382055, at *2 (S.D.N.Y. Jul. 9, 1998); *see also Crown v. Wagenstein*, No. 96 CIV. 3895, 1998 WL 118169, at *1 (S.D.N.Y. Mar. 16, 1998) (mere inclusion of warden's name in complaint insufficient to allege personal involvement); *Taylor v. City of New York*, 953 F. Supp. 95, 99 (S.D.N.Y. 1997) (same). Since there is nothing in the Complaint which purports to show that these defendants were personally involved in any alleged constitutional violation, Donald Sawyer, Bonnie Santini-Correa, and Patricia Pink are dismissed **without prejudice**.

### III.    Conclusion

Defendants Donald Sawyer, Bonnie Santini-Correa, and Patricia Pink, and all claims against them, are **dismissed without prejudice**. The Complaint is otherwise accepted for filing as to the remaining claims and defendants. **The Court takes no position on the merits of the remaining claims at this time**.

WHEREFORE, it is hereby

ORDERED that Donald Sawyer, Bonnie Santini-Correa, and Patricia Pink, and all claims against them, are **dismissed without prejudice** for the reasons set forth above, and it is further

ORDERED that plaintiff's *in forma pauperis* application is granted.[1] Upon receipt from plaintiff of the documents required for service of process, the Clerk shall issue summonses and forward

---

[1] Plaintiff should note that he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.

them, along with copies of the Complaint, to the United States Marshal for service upon the remaining defendants.  The Clerk shall forward a copy of the summons and Complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order, and it is further

ORDERED that the Clerk provide the Superintendent of the facility designated by plaintiff as his current location with a copy of plaintiff's authorization form, and notify the official that this action has been filed and that plaintiff is required to pay to the Northern District of New York the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915, and it is further

ORDERED that the Clerk of the Court shall provide a copy of plaintiff's authorization form to the Financial Deputy of the Clerk's Office, and it is further

ORDERED that a response to plaintiff's Complaint be filed by the defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on the defendants, and it is further

ORDERED that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be stricken from the docket.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of**

**any change in plaintiff's address; his failure to so may result in the dismissal of this action.** All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court, and it is further

ORDERED that the Clerk serve a copy of this Decision and Order on plaintiff.

Dated: September 30, 2009

Thomas J. McAvoy
Senior, U.S. District Judge